Chief Justice Robertson,
delivered the opinion of the Court.
Leslie Combs, as assignee, obtained a judgment, by default, against the plaintiffs in error, *85 on a petition and summons, on a promissory note executed by them to “ The Southern College of Kentucky ,” and on which the following assignment was endorsed
It is a general rule that the contracts of a corporation must bo authenticated by its common seat.
£C We assign the within to Leslie Combs, Agent, &e. November 12th, 1829.
Trustees of Southern College,
by Jl. W. Graham.”
The assignment of error questions the right of Combs to sue as assignee ; and presents a twofold objection to his right. 1st.'That the corporate seal not having been affixed to the assignment, the legal right to the note did not vest in the assignee. 2nd. That the assignment is not in the true corporate name.
1st. It is a general rule, that a corporation, as it Is a fictitious or merely legal being, must be identitified by its effigy or seal, and that its contracts must be authenticated by its common seal. But this common law doctrine had been relaxed in England pri- or to the'American Revolution. As early as the reign of H VII. it was decided that the bailiff of a corporation could justify without an authority certified by the corporate seal. So in Manby vs. Long, III Levins, 107, it was decided that the agent of a corporation might maí e distress, although his appointment had not been authenticated by the corporate seal. In Rex vs. Rig, III Pr. Wms. 419, it was decided that-a corporation might, by a corporate act certified by its record and without its seal, appoint an agent, whose acts, within his prescribed sphere, would he obligatory on the'constituent. The same principle, with extended application, has been established by the Supreme Court of the Union — see The Bank of Columbia vs. Patterson, Vil Cranch, 299; Fleckner vs. U. S. Bank, VIII Wheaton, 338; Osburn vs. U. S. Bank, IX Ib. 738, and U. S. Bank vs. Dandridge, XII Ib. 64—and has also been recognised in various shapes, by many of the state tribunals— see I N. H. Rep. 26; I Pickering, 297; III Halstead, 182; III Serg. and Rawle, 16; XII Ib. 312; I Not. and Mc.Chord, 231; VI Mass. Rep. 40.
A corporation maj appoint an ageut and be bound by his acts.
A corporation, which acts through the intervention of a board of directors or managers, and keeps a register of its acts, may be hound by its record without the annexation of a common seal. Its acts areftdentiffed and authenticated by its own corporate registry which it should be estopped to deny or impeach when genuine and authoritative, I Salk. 191. In this particular the American corporations are unlike most, if not all, of the common law corporations —Hhe former being represented, generally, by a board of directors who keep a record of their proceedings — and the latter seldom or never thus acting ; and hence, however rigidly the ancient practice may have required a seal to all the acts of common law corporations, the same reason does not, with equal force, apply to modern corporations such as that of “ The Southern College of Kentucky,” whose record may be as authentic and as effectual for ordinary purposes as its seal — see IT Kent’s Com. 2334-5.
Having thus referred to some of the British and American adjudications which have relaxed the ancient rule requiring the corporate seal, this court will not now determine how far it will recognise and apply the modern cases. They have been cited, merely to shew that the rule which requires the seal is not and cannot, justly and reasonably, be universal in its application.
In' this case the authority of the agent has not been disputed. There can be no doubt that a corporation may appoint an agent and be bound by his acts. It was not necessary for Combs to prove or aver that the agent who assigned the note-was regularly appointed and derived competent authority from a power under seal or on record. It was not necessary to prove the authority of the agent, unless the assignment liad been impeached by plea. The authority of the agent being thus admitted, it is not material how it was or ought to have been delegated.
. But it may he supposed that, as Graham had authority only to subscribe the name of the corporation to the assignment, and could not assign the note in his own name, the assignment can have no more *87 effect than it would have had if it had been made by the trustees themselves precisely as it was made by their agent in their name ; or, in other words, that the annexation of the corporate seal was as necessary as it would have been if the corporate name had not been subscribed by an agent, but had been signed by the corporation itself; and that, consequently, there being no seal to the assignment, the legal title did not vest in the assignee. There is much plausibility, if not solidity, in this idea : but we are disposed to consider it more specious than sound. A seal is not essential to the effectiveness of an assignment of assignable paper by a natural person in his own right. A seal could, then, be required in this case, if necessary at all, only because the assignment was, in effect, the act of a corporation. But the only reason why, in ordinary contracts by a corporation, the corporate seal is necessary is, because, as a corporation is an ideal existence created by law, and compounded, when aggregate, of a plurality of natural persons, it is known by its common seal which represents and identifies it. Therefore, if it be conceded that the seal would have been indispensable if the assignment had been directly by the corporation itself, it would not necessarily follow, as a legal or rational consequence, that the assignment by the agent without a seal had no legal operation. It must be admitted that the authority of the agent was unexceptionable, and that, therefore, it was autenticated by the corporate seal, if the seal were necessary, (and if it were not necessary to the power of attorney, it was not necessary to the assignment.) If, then, tlie College had delegated to Graham competent power to assign the note, its act authorizing the assignment, was sufficiently autenticated and identified to be obligatory upon it. If its seal were necessary, it had been affixed. Must it be reannexed to the assignment ? Is such repetition required by the reason of the law? Suppose that the power of attorney, authenticated by the corporate seal, had been endorsed on the note, would not the assignment, as made, and succeeding the power, be effectual without a repetition of the seal? Would not the assignment have then been as effectual as it ivould have been if the corporation, instead of au *88 thorizing an agent to act, had substituted an assignment for the power of attorney? In either case the seal would have appeared and authenticated the assignment as the act of the corporation. And we are not able to perceive why this should not be sufficient. If it would be sufficient in the case supposed, the seal was not necessary to the assignment which was made ; because if the seal were necessary, the affixation of it to the power of attorney, must be ’taken for granted in this case, as the authority of the agent has not been questioned by plea.
In a suit by assignee of a note which has been assigned to him by an agent of obligee, it is not necessary to prove the authority of the agent, unless the assignment be impeached by plea.
In suit by assignee on a note assigned to him by an agent of a corporation without the seal of the corporation bring affixed to the assignment, decided, that as the assignment was not ienpeached by plea, it vested (he legal title to the note in the assijnee and authorized him to sue in his ownname.
A corporation may assign a note by an entry to that effect in its registry.
An agreement, to the validity of which a seal is not essential, signed by “ A B n-gent for C D” is, in effect and by construction of law, the agreement of C D.
Bnt an nererment signed “A B for C D” is the agrrement of AB.
To pass from a corporation its interest in p promissory note it is not iadjspensa-. faie that the corpora teseai should be affixed to the assignment.
*88 Bnt might not the corporation have transferred the legal right to the note by a simple entry to that effect in its registry ? We suppose that such an assignment might have been made, or that the authority to the agent may have been vested by such an entry. The corporate seal was jnot necessary, therefore, to the authority of the agent, nor to the effectiveness of an assignment by the College, without the intermediation of an agent.
It must be admitted that an agent may hind his principal by an agreement without seal, and signed by himself as an agent. An agreement, to the validity, of which a seal is not essential, signed by B, agent for C D,” is, in effect and by construction of law, the agreement, not of A B, but of C D. Such an agreement differs materially from one signed by “ A B for C D,” the latter being considered the agreement of “ A B” to do something for A B, and the former an agreement by C D himself.
In The Columbia Bank vs. Patterson it was decided, that all parol contracts made by an agent of a corporation, within the scope of his authority, will be binding on the corporation. An assignment of a note is, technically, a parol agreement. It is not certain that writing is essential to the effectiveness of such an assignment. Bat even, if it be so, a seal is not necessary ; and an assignment without seal is not a specialty.
The foregoing considerations seem, in our opinion, to authorize the conclusion that the corporate seal is not necessary to pass from a corporation its interest in a promissory note, especially when the *89 assignment is made by a duly authorized agent. Besides, we are of opinion that, if an agent, within the sphere of his power, shall, in his constituent’s name, by writing without seal, or without writing, make a contract or agreement which would have been obligatory on himself, if it had been made in his own name and in his own right, it should be-equally as binding on the principal — See II Kent’s Commentaries, 235.
If an agent within the sphere of his pnwer do, in-his constituent’s name, by writing without seal or without writing, make a contract which would have been obligatory upon himself, if made in his own name, will bind hjs principal.
Mills and Brown for plaintiffs ; Combs for defend* ant.
Moreover, it seems to us, that either a seal to the assignment was not necessary, or a corporation cannot assign a note by the intervention of an agent. One, and perhaps the chief motive for appointing an agent is the inconvenience of affixing the corporate seal to every agreement executed, - or executory, which he may make, it would be extremely inconvenient for the agent of a corporation to carry, withersoever he might jj;o, the corporate seal. Such an inconvenient ceremonial ought not to be required, unless sound reason or good policy requires it: and neither the one nor the other seems to exact such parade of form and ceremony. The agent having sufficient authority, the corporation is bound by the assignment. It might be sued on his agreement— Shipley vs. Mechanic’s Bank, X Johnson, 484. We cannot, therefore, perceive how the plaintiffs in error should have any right to complain that there was no seal to the assignment. And we conclude that the corporate seal was not necessary to vest .the legal right in the assignee.
Judge Underwood is of opinion, that the foregoing view -is inconsistent with the case of The Frankfort Bank vs. Anderson, III Marshal, 1; and of Long vs. Hemp Company, I Marshall, 105.
2nd. The second objection is equally untenable. Enough appears, prima fade, to identify the assignor with the obligee, Chancellor of Oxford’s case, X Coke, 57, b, or, at least, enough does not appear to shew that they are necessarily different persons.
Judgment affirmed
Judge Underwood dissenting.